UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Case No. 3:13-bk-6175-PMG

Charlene Janice Lashinsky,

_____Debtor.                            Chapter 7


Donald Lashinsky,

                    Plaintiff,

vs.                                                       Adv. No. 3:14-ap-21-PMG


Charlene Janice Lashinsky,

_____Defendant.


FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND MEMORANDUM OPINION

**THIS CASE** came before the Court for a final evidentiary hearing in this adversary proceeding.

Section 523(a)(15) of the Bankruptcy Code provides that an individual debtor is not discharged from any debt to a former spouse that is incurred by the debtor in the course of a divorce or in connection with a divorce decree.

In this case, the Debtor and the Plaintiff were divorced on January 30, 2013. The Final Judgment of Dissolution of Marriage provides for the Debtor to repay the Plaintiff the sum of $75,000.00 that the Debtor had borrowed from the Plaintiff to purchase certain residential property.

1

The debt was incurred in the course of the parties' divorce or divorce decree within the meaning of §523(a)(15), and is not dischargeable in the Debtor's bankruptcy case. Additionally, the debt was not satisfied as a result of a compromise in the main case between the Plaintiff and the Chapter 7 Trustee.

**Background**

The Debtor, Charlene Janice Lashinsky, and the Plaintiff, Donald Lashinsky, were married on November 27, 1999.

On January 30, 2013, the Circuit Court for St. Johns County, Florida entered a Final Judgment of Dissolution of Marriage, and dissolved the marriage of the Debtor and the Plaintiff. The Final Judgment includes the following provision:

> The parties are awarded equitable distribution as indicated above. The Wife is awarded the Arrowhead Drive, St. Augustine, Florida and the Ripple Place, Palm Coast, Florida properties and the debt associated therewith, including repaying the Husband's $75,000 ($3,000 already paid) loan that he gave her to purchase the Ripple Place property. The loan balance shall be satisfied upon the sale of either the Ripple Place (Flagler County) or the Arrowhead (St. Johns County) properties. Until that time, she shall begin paying $450.00 per month alimony for equitable distribution which is enforceable only in contact to satisfy her debt. This shall begin on February 1, 2013 until paid in full.

(Final Judgment of Dissolution of Marriage, p. 4, ¶ 2). On August 12, 2013, the Circuit Court entered an Order on Proceedings, in which it directed the Debtor to pay the debt contained in the Final Judgment of Dissolution of Marriage by October 15, 2013, or be subject to a judgment for monetary damages for the unpaid debt.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on October 14, 2013. On her schedule of liabilities, the Debtor listed the Plaintiff as a creditor holding an unsecured claim in the amount of $70,522.00.

2

## Discussion

On January 17, 2014, the Plaintiff filed a Complaint seeking a determination that the debt is nondischargeable in the Debtor's bankruptcy case pursuant to §523(a)(15) of the Bankruptcy Code.

### I. The debt is nondischargeable pursuant to Section 523(a)(15).

"Sections 523(a)(5) and (15) of the Bankruptcy Code govern the determination of the dischargeability of domestic support obligations and marital settlement agreements." In re Reinhardt, 478 B.R. 455, 457 (Bankr. M.D. Fla. 2012). Section 523(a)(15) provides:

> **§523. Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. §523(a)(15). "By enacting §523(a)(15), Congress manifested its intent that 'a debtor should not use the protection of a bankruptcy filing in order to avoid legitimate marital and child support obligations.'" In re Proyect, 503 B.R. 765, 773 (Bankr. N.D. Ga. 2013)(quoting H.R.Rep. No. 103-835, at 54 (Oct. 4, 1994), reprinted in 1994 U.S.C.C.A.N. 3340, 3363).

For purposes of §523(a)(15), an existing debt between spouses is "incurred" in the course of a divorce or in connection with a divorce decree when the debt is expressly incorporated in the judgment of dissolution. See In re Short, 232 F.3d 1018 (9th Cir. 2000). A divorce judgment creates significant new legal consequences because it extinguishes some pre-existing obligations and imposes new

3

obligations between the former spouses, so that the divorce obligations are independent of the prior liability. See In re Shepard, 2008 WL 5157898, at 2 (Bankr. D. N.Mex.).

In this case, the Plaintiff is the former spouse of the Debtor. The Final Judgment dissolving the marriage of the Plaintiff and the Debtor awarded the parties an equitable distribution, and expressly provided for the Debtor to pay the Plaintiff the sum of $75,000.00. The debt was expressly incorporated in the Final Judgment of Dissolution of Marriage. The obligation is a debt that was incurred in the course of a divorce or in connection with a divorce decree within the meaning of §523(a)(15), and is nondischargeable in the Debtor's bankruptcy case.

**II. The debt was not satisfied.**

On January 10, 2014, the Trustee in the Debtor's bankruptcy case filed a Notice of his intent to compromise a claim that the Plaintiff had asserted against the estate. (Main Case, Doc. 27). Specifically, the Trustee proposed to sell real property on Arrowhead Drive in St. Augustine, Florida, belonging to the estate, and the Plaintiff claimed that he was entitled to a portion of the sale proceeds based upon his award in the Final Judgment of Dissolution of Marriage. The compromise of the claim involved the Trustee's agreement to pay the Plaintiff the sum of 40% of the net proceeds from the sale of the property.

The Debtor contends that the Plaintiff's compromise with the Trustee resulted in a satisfaction of the debt owed by the Debtor to the Plaintiff under the Final Judgment.

Based on the record, the Court finds that the compromise with the Trustee did not satisfy the Plaintiff's claim against the Debtor.

The parties to the dischargeability action are the Plaintiff and the Debtor, and the Plaintiff is seeking a nondischargeability determination as to his particular debt. "[T]he initiation of a

nondischargeability action usually benefits only the creditor holding the allegedly nondischargeable claim. Thus, the chapter 7 trustee is not a party in interest within the meaning of rule 4007(c) based on an ability to initiate an action under section 523." In re Owen-Moore, 435 B.R. 685, 691 (Bankr. S.D. Cal. 2010).

The Plaintiff's compromise with the Trustee in the main case relates to his claim against property of the estate, and not to his dischargeability litigation with the Debtor. In the Trustee's Notice of Intent to Compromise Claims with Donald Lashinsky, the Plaintiff agreed to take a reduced amount, and the compromise includes the provision that the "Former Husband shall retain his right to file a general unsecured, nonpriority claim for the balance of any amounts he asserts are owed by the Debtor under the Final Judgment . . . " The debt owed by the Debtor to the Plaintiff was not satisfied as a result of the Plaintiff's compromise with the Chapter 7 Trustee.

## Conclusion

Section 523(a)(15) of the Bankruptcy Code provides that an individual debtor is not discharged from any debt to a former spouse that is incurred by the debtor in the course of a divorce or in connection with a divorce decree.

In this case, the Debtor and the Plaintiff were divorced on January 30, 2013. The Final Judgment of Dissolution of Marriage provides for the Debtor to repay the Plaintiff the sum of $75,000.00 that the Debtor had borrowed from the Plaintiff to purchase certain residential property.

The debt was incurred in the course of the parties' divorce or divorce decree within the meaning of §523(a)(15), and is not dischargeable in the Debtor's bankruptcy case. Additionally, the debt was not satisfied as a result of the compromise in the main case between the Plaintiff and the Chapter 7 Trustee.

Accordingly:

**IT IS ORDERED** that:

1. The debt owed by the Debtor, Charlene Janice Lashinsky, to the Plaintiff, Donald Lashinsky, pursuant to the Final Judgment of Dissolution of Marriage entered by the Circuit Court of St. Johns County, Florida, on January 30, 2013, is excepted from the Debtor's discharge pursuant to §523(a)(15) of the Bankruptcy Code.

2. A separate Final Judgment will be entered consistent with this Opinion.

**DATED** this 7 day of July, 2014.

BY THE COURT

PAUL M. GLENN
United States Bankruptcy Judge